# UNITED STATES DISTRICT COURT
# DISTRICT OF IDAHO

| | |
|---|---|
| ED PRICE,<br><br>    Plaintiff,<br><br>vs.<br><br>MIKE & TRISTAN GEDDES DAIRY, LLC, MIKE GEDDES an individual, and TRISTAN GEDDES, an individual,<br><br>    Defendants. | Case No.: 4:16-cv-00015-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**(Docket No. 13)** |

## BACKGROUND

This Order resolves Defendants' Motion for Summary Judgment (Docket No. 13). The decision turns upon whether Idaho's "open range" law is implicated by an August 24, 2014 automobile accident near Banida, in Franklin County. At approximately 9:54 p.m., Plaintiff Ed Price ("Price") was operating a vehicle traveling southbound on U.S. Highway 91. His vehicle struck two cows owned by Defendants (collectively,"Geddes") just north of milepost 20. Because of injuries resulting from the accident and related property damage, Price filed this lawsuit asserting a negligence claim. Geddes, in turn, now move(s) for summary judgment, arguing that Idaho Code § 25-118 – Idaho's open range law – applies to bar Plaintiff's claim.

## DISCUSSION

According to Defendants, "Idaho Code § 25-2118 relieves Defendants of the duty to keep their livestock off the highway, and 'grants absolute immunity from liability for any damages stemming from a collision between [a] vehicle and the animal.'" Mem. in Supp. of MSJ, p. 4

**MEMORANDUM DECISION AND ORDER - 1**

(Docket No. 13, Att. 1) (quoting *Adamson v. Blanchard*, 990 P.2d 1213, 1218 (Idaho 1999)).

Idaho Code § 25-2118 reads:

> **ANIMALS ON OPEN RANGE – NO DUTY TO KEEP FROM HIGHWAY.**
> No person owning, or controlling the possession of, any domestic animal running on open range, shall have the duty to keep such animal off any highway on such range, and shall not be liable for damage to any vehicle or for injury to any person riding therein, caused by a collision between the vehicle and the animal. "Open range" means all uninclosed lands outside of cities, villages and herd districts, upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam.

I.C. § 25-2118. Hence, the liability issue in this case hinges first on whether the accident occurred within "open range," pursuant to Idaho Code § 25-2118. Said another way, is Banida, Idaho (where the accident took place) considered "open range" under Idaho law – that is, is Banida a part of those "uninclosed lands outside of cities [or] villages . . ., upon which cattle by custom, license, lease, or permit, are grazed or permitted to roam." *See id.*[1] Defendants contend that the answer is yes, which, if correct, immunizes them from liability. *See generally* Mem. in Supp. of MSJ (Docket No. 13, Att. 1). Plaintiff disagrees, arguing that "the accident in question occurred within the 'city' or 'village' of Banida, Idaho" which, if correct, allows the action to proceed (and, Plaintiff further argues, establishes liability as a matter of law under the doctrine of *res ipsa loquitur*). *See* Opp. to MSJ, p. 2 (Docket No. 19).

Various reported appellate cases in Idaho have construed the open range law, but none specifically addresses the precise question before this Court, which requires a ruling upon the meaning of "city" and "village," as those terms are used within Idaho Code § 25-2118. The obvious starting point is how one characterizes whether a particular locality, such as Banida, is either a city or village. Price points out that there are residents, a post office, a school, a church,

---

[1] Plaintiff does not contend that the accident was within a "herd district." *See* Opp. to MSJ, p. 2 (Docket No. 19).

**MEMORANDUM DECISION AND ORDER - 2**

organized streets, a park with an historical monument, and a welcoming sign for travelers on U.S. Highway 91, all associated with a locality known as Banida. *See* Opp. to MSJ, p. 6 (Docket No. 19). But, as Geddes describe(s), there has never been an incorporation under Idaho laws dealing with such things, of a locality known as Banida. Banida is an unincorporated area of Franklin County. It has no mayor. It is not platted. No local taxes are levied or collected. *See* Mem. in Supp. of MSJ, p. 2 (Docket No. 13, Att. 1) (citing Geddes Aff., ¶¶ 4, 6 (Docket No. 13, Att. 3) (Franklin County Clerk stating: "I am familiar with the area of Banida. Banida is not an incorporated village. It is also not recognized in the community as a village. . . . . [The accident location] is outside of any cities or villages and herd districts in Franklin County and is thus considered to be open range."); *see also* Reply in Supp. of MSJ, p. 2 (Docket No. 23). In other words, there appears to be no definitive understanding of Banida's status as a municipality.

Both parties draw upon other areas of Idaho law – case law and statutory law – to buttress their respective positions. For example, Defendants point to the fact that when Idaho Code § 25-2118 was enacted in 1961, a village could be created only upon a petition signed by 125 of its residents combined with an order entered by the county commissioners declaring the village incorporated, along with a physical property designation of the metes and bounds of the village boundaries. *See* Supp. Mem. in Supp. of MSJ, pp. 2-3 (Docket No. 26) (citing I.C. § 50-701; quoting *Oregon Shortline R.R. Co. v. Village of Chubbuck*, 357 P.2d 1101, 1103 (Idaho 1960) ("A village be created only pursuant to the provisions of Idaho Code, Title 50, ch. 7. At the time of its incorporation, its boundaries are established by the order of incorporation of the board of county commissioners, I.C. § 50-701.")). That has never happened with Banida. Therefore, Defendants contend, Banida cannot be a village under Idaho Code § 25-2118, the result of which, Geddes would argue, means that the accident must have occurred on open range.

**MEMORANDUM DECISION AND ORDER - 3**

However, as Plaintiff points out, municipal laws in Idaho were recodified in 1967 to include Idaho Code § 50-101, which provides in relevant part:

> The residents of *any unincorporated contiguous area (village)* containing not less than 125 qualified electors may present a petition signed by a majority of the said electors to the board of commissioners of the county in which said petitioners reside, praying that they be incorporated as a city, designating the name they wish to assume and the metes and bounds of the proposed city.

I.C. § 50-101 (emphasis added). Hence, Price submits, Idaho law recognizes that it is possible for an unincorporated contiguous area to be a village, as the language of Idaho Code section 50-101 states as much. *See* Supp. Resp. in Opp. to MSJ, pp. 2-3 (Docket No. 28) ("Section 50-101 has merely redefined what constitutes a 'village' or a 'city.' Pursuant to the plain language of § 50-101, a 'village' was reclassified to mean an unincorporated contiguous area. . . . . The fact that Banida is not incorporated does not render it an 'open range' as Defendants argue – rather, § 50-101 makes it clear that the unincorporated nature of Banida makes it a village. ").

The phrase "unincorporated contiguous area (village)" found in Idaho Code section 50-101 does create a legislative interpretation gremlin of sorts, for purposes of the open range law. The phase seems to suggest that any unincorporated contiguous area is a "village," but does so without definition of what shape or form that unincorporated contiguous area actually occupies. Without some form to that "footprint," so to speak, it is impossible to identify precisely where a contiguous locality begins or ends, and therefore also impossible to identify whether an accident that occurred in or within the vicinity of such a locality was in open range.

The most sensible construction of the relevant statutory language, while seeking to consider the statutes together and give meaning to all of the language, aligns most closely with Defendants' arguments. As of 1967, previously-organized "villages" were reclassified as "cities" and, since that time, the process to incorporate a city under Idaho Code § 50-101 more-

**MEMORANDUM DECISION AND ORDER - 4**

or-less resembles the earlier procedure for a village's incorporation under Idaho Code § 50-701. *See, e.g.*, *State of Idaho v. Phillips*, 794 P.2d 297, 299 (Id. Ct. App. 1990) ("With the recodification of the laws governing municipalities in 1967, 'villages' became reclassified as 'cities.' Thus, we conclude that Acequia [(previously incorporated as village in 1952)] was a duly formed city when the dog control ordinances were enacted and when they were enforced in this case."). That is to say, as of 1967 recodification of municipal law, the municipal form of a village ceased to exist. Instead, an unincorporated contiguous area is either not a city, or – if the necessary steps are accomplished – a city. To become a city, the procedural requirements for incorporation pursuant to Idaho Code § 50-101 have to be following.

Accordingly, Banida is neither a city nor a village. Banida never was incorporated under the once-existing method for incorporating as a village, nor was it ever incorporated under the post-1967 method for incorporating as a city.

Whether or not the collection of residences, residents, and connected pieces found in Banida in 2014 meet the general understanding of what constitutes a community, is not the question the Court must answer. People can live in a community that is not a legally recognized municipal entity under state law. The status of whether such a community has the designation of a village (then) or a city (now) is a function of the legislature's definition of the same, along with the legislature's checklist on how that definition is met.

Sensibly then, because Idaho's open range law is also the legislature's decision of what is "open range," and what is not, the boundaries should be delineated by the same statutory template that delineates a village, a city, or a herd district. If the meaning of "village" and "city" under Idaho Code section 25-2118 is connected to the boundaries of localities that are

**MEMORANDUM DECISION AND ORDER - 5**

incorporated as a village or a city, then the question of where the open range begins and where it ends is also answered because the process of incorporating requires that there be action of the county commission and a metes and bounds description of the boundaries of the village or city.

## ORDER

Based on the foregoing, IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (Docket No. 13) is GRANTED.



DATED: **June 19, 2017**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge